IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ISIAH LAMONT WALLS                                              PETITIONER

v.                           No. 4:11-cr-130-DPM

UNITED STATES OF AMERICA                                        RESPONDENT

ORDER

**1.** A grand jury indicted Walls for being a felon in possession of a firearm. № 3. The Indictment gave notice that Walls's prior convictions might make him eligible for a fifteen-year mandatory minimum under the Armed Career Criminal Act. *Ibid.*; 18 U.S.C. § 924(e). Faced with this steep penalty, Walls negotiated a plea. He waived re-indictment and pleaded guilty to a Superseding Information charging possession of a stolen firearm. № 46–49. This deal reduced Walls's exposure to no more than 120 months' imprisonment. This Court sentenced him to 115 months — a sentence within the advisory Guidelines range and jointly recommended by the parties.

Walls now moves to vacate his sentence, saying his lawyer was constitutionally ineffective and his sentence illegal. *Strickland v. Washington*, 466 U.S. 668 (1984); 28 U.S.C. § 2255(a). The United States responds that Walls has no basis for relief. The issues don't require an evidentiary hearing.

28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013). And the Court won't address timeliness or waiver because the merits are clear.

2. Walls first claims his lawyer didn't advise him about potential penalties. № 60 at 4. But Walls signed a plea agreement that detailed the penalties for his crime. № 48 at 2. Further, the Court's memory is that it covered the penalties with Walls at the change-of-plea hearing; and Walls said, under oath, he understood them. On this record, Walls can't show any prejudice flowing from the alleged ineffectiveness. *Strickland*, 466 U.S. at 691. This claim fails as a matter of law.

3. Walls next claims his lawyer failed him on direct appeal. Walls says his lawyer had a conflict because he couldn't raise ineffective-assistance claims against himself. № 60 at 4. But Walls waived his appeal rights as part of his plea agreement. № 48 at 2–3. The Court remembers Walls confirming under oath that he understood that waiver. And the waiver had no exception for ineffective-assistance claims. *Ibid.* On these facts, Walls can't show deficient performance or prejudice. *Strickland*, 466 U.S. at 687. This claim fails too.

4. Walls also says his lawyer let Walls "be enhanced to a crime not present in his indictment." № 60 at 5. The record contradicts this claim too. Walls knowingly and voluntarily waived re-indictment and pleaded guilty to a Superseding Information charging him with possessing a stolen firearm. № 46–48. And taking that route reduced Walls's potential exposure at sentencing. Again, Walls can't show deficient performance or prejudice. *Strickland*, 466 U.S. at 687. This claim therefore fails.

5. Walls also claims his lawyer let him down by not challenging the calculated Guidelines range. № 60 at 5. But the Court sees nothing objectionable about the PSR's Guidelines calculation. PSR at ¶¶11–41, 61–70. And failing to raise meritless arguments can't amount to ineffective assistance. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (*per curiam*). Further, Walls's belief that *Johnson v. United States* affects his sentence, № 66 at 2, is mistaken. 135 S. Ct. 2551, 2563 (2015). Neither the Armed Career Criminal Act nor the Guidelines residual clause was in play at Walls's sentencing. Instead, his Guidelines range was based on his convictions for *enumerated* felonies. USSG §§ 2K2.1(a)(2) & n.1, 4B1.2(a)(2); PSR at ¶¶ 31, 33–34 & 36; ARK. CODE ANN. § 5-39-201(a)(1). Thus, *Johnson* has

no application here. *United States v. Kosmes*, 792 F.3d 973, 976 n.4 (8th Cir. 2015).

6. Walls also raises two claims unrelated to his lawyer's performance. First, he says the Indictment was defective because it didn't warn him about enhanced penalties. № 60 at 6. Again, the record contradicts this claim. Both the Indictment and the Superseding Information noted the penalty provision for the crime each charged. № 3 & 47.

Walls's final claim asks, "Did the courts act in good faith in fairness to [Walls's] constitution[al] rights?" № 60 at 8. But he doesn't say how he was treated unfairly or in bad faith. This conclusory claim also fails. *Thomas*, 737 F.3d at 1206. The Court recalls proceeding carefully and slowly to be sure Walls understood things. Walls was treated fairly.

\* \* \*

There's nothing Walls's lawyer did or didn't do that fell below the constitutional standard to Walls's prejudice. And Walls's claims about issues other than counsel's performance lack merit. His motion, № 56 & 60, is therefore denied. No certificate of appealability will issue. 28 U.S.C. § 2253(c).

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 November 2015